## WESTERN & WELLS MANUF'G CO. *v.* ROSENSTOCK.

*(Circuit Court, S. D. New York. February 22, 1887.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—SPECIFICATIONS.

Although the bustle manufactured and sold by defendant was made, for all practical purposes, in imitations of the bustle patented by complainant, except that it was of *rattan* instead of *wire*, yet, as complainant in his specifications limited himself to a bustle made of wire, he authorized the public to make and use bustles of any other material, and cannot complain of such use as an infringement of his rights.

In Equity.

*Wayne MacVeagh* and *Richards & Brown*, for complainant.

*Livingston Gifford*, for defendant.

WALLACE, J. The bustle which the defendant is manufacturing and selling is made, for all practical purposes, in imitation of the bustle of the complainant's patent, except it is of braided rattan instead of braided or plaited wire. But the complainant's patent is limited, by the express phraseology of its claims, to a bustle of wire, and it is impossible by construction to impart such a degree of elasticity to these claims as will enable them to embrace bustles made of any other material. The specification states that the "invention consists of a bustle composed of braided or plaited wire, in the form of a tubular section or sections, duly provided with means for securing it to the person of the wearer, or to a garment." The specification also states that to carry out the invention the patentee takes "wire of a suitable kind, (preferably tempered steel wire,) and braids or plaites it into a seamless tube." The specification then describes the details of form and arrangement, disclaims the application of plaited or braided wire as a dress stiffening merely, and concludes with the following claims:

"(1) A bustle comprising a tubular section or sections of braided or plaited wire, provided with means of attachment to a wearer or garment, substantially as set forth. (2) A bustle comprising a plurality of tubular sections of plaited or braided wire, secured to waistband or fastening device substantially as set forth. (3) The combination, with a waistband or attaching device, of a bustle-body composed of a seamless section or sections, of tubular form, of braided or plaited wire, substantially as set forth."

The doctrine of equivalents cannot be invoked to substitute a rattan bustle for the wire bustle of these claims. By limiting himself to a bustle made of wire, the patentee authorized the public to make and use bustles of any other material without an invasion of his exclusive right.

The motion to attach the defendant for contempt in violating the preliminary injunction heretofore granted is denied.