### ZAN et al. v. McKENZIE.

#### (Circuit Court, N. D. California.    May 28, 1894.)

PATENTS—EXTENT OF CLAIM—BROOMS.

The Flynn patent, No. 218,251, for an improvement relating to the manner of securing caps on wisp brooms concealing the fastening wire, and the construction of the handle, describes the cap as of velvet or similar material, and the handle as a paper tube, covered with such material, fitting over a wooden stock, and the description refers solely to its use in wisp brooms. *Held*, that claim 1, for the cap so secured, in combination with the wisp and such cylindrical handle, does not cover large brooms having a cap so secured, but using a metallic ferule, instead of the cylindrical handle, notwithstanding a statement in the specification that the manner of fastening the cap might also be applied to large brooms as a finish; as the only new feature in the combination was the cylindrical handle, and there was no intimation that it could be used on large brooms.

This was a suit by Zan Bros. & Co. against George F. McKenzie for infringement of a patent.

John L. Boone, for complainants.

Estee, Fitzgerald & Miller, for defendant.

GILBERT, Circuit Judge.    This is a suit in equity brought by Zan Bros. & Co. against George F. McKenzie for the infringement of letters patent No. 218,251, issued August 5, 1879, to James H.

Flynn, for an improvement in wisp brooms. That portion of the improvement which is involved in this case relates to the manner of securing caps on wisp brooms, and its object is to enable a cap of velvet or other similar material to be fastened in a neat and secure manner without exposing the fastening wire which binds the ends of the broom straw to the broom handle, and to economize the construction of the handle without hurting its appearance. The invention consists in fastening the under edge of the cap to the wisp by wrapping it with wire, and then drawing the cap up over the wire, and fastening its upper edge by wrapped wire, which is thereafter concealed in the lower end of the handle; secondly, it consists of a handle made of a paper tube wrapped or covered with velvet or other fabricated material, adapted to fit over the wooden stock to which it is secured by glue or tacks. The claim which is said to be infringed reads as follows:

"Claim 1. As an improvement to wisp brooms, the cap, C, having its lower end, A, secured to neck, a, by a wire, c, while its body is drawn up over said wire, and its upper end, b, secured to the stock, B, by a wire, c, in combination with wisp, A, and a cylindrical handle, D, adapted to slip down over the stock, and rest upon the upper edge of cap, C, so as to conceal the wire, c, fastening the upper end of the cap to the stock, whereby a cap is furnished, made of velvet or other similar material, wherein the mode of its fastening is entirely concealed, substantially as described."

While the cylindrical covering for the upper edge of the binding wire above the cap is described as the handle of a wisp broom, and the claim just quoted refers expressly to an improvement in wisp brooms, and the invention of the patent is so denominated by the inventor, there is nevertheless in the specification the following reference to the adaptability of a portion of the combination to use in large brooms: "The manner of fastening the cap over the butts of the straw may also be applied to large brooms as a finish."

By virtue of rights which they claim to have acquired under the patent, the complainants have manufactured and sold large brooms or house brooms with the velvet cap secured in the manner described in claim 1, and have concealed the upper binding wire from view by means of a brass ferule of about an inch in width, which slips down over the broom handle, and is of such size as to fit snugly to the handle, while the lower half is widened or flared so as to rest neatly against the velvet cap, and cover the wires which, in the wisp broom, are covered by the cylindrical handle. The defendant has constructed large brooms in the same manner, but he defends against the charge of infringement upon the ground that the complainants' patent is applicable only to wisp brooms, and to the covering of the upper wire by means of a cylindrical handle of the form and material described in the specifications, and that it does not cover the use of a ferule upon large brooms, such as that used both by the complainants and defendant.

In deciding what is the invention covered by the complainants' patent, the court must be controlled by the language of the claim, and the description of the improvement as set forth in the specifications, and not by the construction which the patentee or his as-

signs may have placed upon or claimed for the patent subsequent to its issue. If the language of the claim is broader than the description of the invention, the claim must be so interpreted as to limit it to the improvement previously described. Mitchell v. Tilghman, 19 Wall. 287. The combination embraced in the patent added but one feature to the previously existing and known devices. The velvet cap had been used before, and it had been secured about the straw butts in the manner described in the patent. The new feature in the combination was the cylindrical handle, which was to perform the double function of covering the upper wire and affording a neat and economical handle to the broom. The description which the inventor gives of his improvement refers solely to its use in wisp brooms, and describes the cylindrical handle as a paper tube covered with velvet or other fabricated material. No allusion is made to its application to large brooms, except that above quoted, and that allusion refers solely to the manner of fastening the cap over the straw butts, and amounts to a statement that the velvet cap may be used upon large brooms. There is in his reference no intimation that in the mind of the inventor the cylindrical handle could be used with the cap, or as a part of the method of fastening the same, upon large brooms. The allusions to the possible use of the cap with large brooms does not in any way enlarge the right which the patentee would otherwise have by virtue of the specifications and claims of the patent. He has not described as his invention the combination of the cap in a broom with a cylindrical covering for the upper wire, but the combination in the wisp broom of the cap and a cylindrical handle of a certain form and material. It is true that the ferule, by covering the upper wire, performs a portion of the function which is accomplished by the velvet-covered handle of the patent, and performs all that that device could be made to do when applied to a large broom, for it is obvious that in a large broom the cylindrical covering could not be used as a handle; but the patentee has seen fit to confine all that is new of his combination to wisp brooms, and to the use of a cylinder of a certain form and a certain material. By so limiting his invention he left the public free to use upon large brooms a metallic ferule, which is a covering of different form and wholly different material from that described in the patent. Manufacturing Co. v. Rosenstock, 30 Fed. 67. The complainants have not acquired the sole right to cover the upper wires of a broom by a cylindrical covering in combination with the cap. They have only the sole right to the use of that which is substantially described in their patent. The bill must therefore be dismissed.